IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRANDY GERMAINE CREW, )<br>Petitioner, )<br>)<br>v. )<br>)<br>LORIE DAVIS, Director, TDCJ-CID, )<br>Respondent. ) | No. 3:15-CV-4077-G |

### AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Amended Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Lorie Davis is Director of TDCJ-CID.

### II. Background

Petitioner challenges his conviction for capital murder. *State of Texas v. Trandy Germaine Crew*, No. F-0668002-I (Crim. Dist. Ct. No. 2, Dallas County, Tex., July 17, 2008). He was sentenced to life in prison without the possibility of parole. On August 31, 2009, Petitioner's conviction and sentence were affirmed on direct appeal. *Crew v. State*, No. 05-08-00959-CR, 2009 WL 2712386 (Tex. App. – Dallas, 2009, pet. ref'd). On April 14, 2010, the

Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 1609-09.

On June 23, 2014, Petitioner filed a state habeas petition. *Ex parte Crew*, No. 82,119-01. On October 1, 2014, the Texas Court of Criminal Appeals denied the petition without written order.

On October 1, 2015, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1) The State improperly struck potential jurors based on race;

(2) His confession was illegally obtained;

(3) His trial counsel was ineffective because counsel failed to:

    a. object to Detective Williams's testimony regarding the gun;

    b. litigate the involuntary confession;

    c. investigate medical records or blood evidence;

    d. object to SWIFS analysis testimony as unauthenticated;

    e. investigate the affirmative defense of insanity;

    f. evaluate petitioner's competency;

    g. consult with petitioner and relay plea offers;

    h. properly litigate the *Batson* challenges; and

(4) He is actually innocent.

On March 21, 2016, Respondent filed her answer arguing, *inter alia*, that the petition is barred by limitations. Petitioner did not file a reply. The Court now finds the petition should be dismissed as time-barred.

## III. Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On April 14, 2010, the Texas Court of Criminal Appeals denied Petitioner's petition for

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**         Page -3-

discretionary review. The conviction became final ninety days later, on July 13, 2010. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until July 13, 2011, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 23, 2014, Petitioner filed a state habeas petition. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by July 13, 2011. He did not file his petition until October 1, 2015. His petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he was misled by the state or prevented

in some extraordinary way from asserting his rights. Petitioner has failed to show that he is entitled to equitable tolling.

C.  **Actual Innocence**

Petitioner argues he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, must submit new evidence to "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to submit any new evidence to support his claim. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

**IV. Recommendation**

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 23 day of December, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).